UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| KIMBERLY BLAKE-ROTH, | § | Case No. __1:16-cv-24570__ |
| Plaintiff, | § § | Removed Case No. 2016-024867-CA-01 (34) |
| v. | § § | From The Circuit Court Of The Eleventh Judicial Circuit In And For Miami-Dade County, Florida |
| WOLFGANG ROTH, et al., | § § | |
| Defendants. | § § | |

**NOTICE OF REMOVAL BY DEFENDANTS ACG CAPITAL COMPANY, LLC, MODERN ART SERVICES, LLC, AND IAN PECK**

Defendants ACG Capital Company, LLC, Modern Art Services, LLC, and Ian Peck (jointly and severally, "Removing Defendants") respectfully file this Notice Of Removal, as follows:

**I.**

**OVERVIEW**

1.  This Notice of Removal removes an action brought in a Florida state court (the "Removed Action") that was filed to evade the jurisdiction of the U.S. District Court for the Southern District of New York (Castel, DJ.)(the "SDNY Court") over an already-pending action (the "SDNY Action") brought by the Removing Defendants to collect secured loans and additional default fees from Wolfgang Roth ("Wolfgang") and Wolfgang Roth & Partners Fine Art, LLC ("WRP") (jointly and severally, the "Roth Defendants").

2. Issue has been joined in the first-filed SDNY Action, with the parties having filed their pleadings, the Court having issued a scheduling order, and the parties having already exchanged their initial disclosures. *See* Majorie Dec. Exs. 2, 7-11.[1]

3. The Complaint was filed in the SDNY Action because a dispute arose between Removing Defendants and the Roth Defendants primarily concerning: (a) the validity of the Removing Defendants' declarations of default under the parties' Loan and Security Agreement ("LSA") and Arranger Agreement; (b) the total amount due under those contracts; (c) the effect of the Roth Defendants' request for a second advance of $750,000 (which they requested, then "cancelled," then re-requested, then "re-cancelled"); and (d) whether three items of fine art (referred to as the "Three Items") were pledged as collateral. *See* Majorie Dec. Ex. 2 (Complaint) ¶¶ 1-7 & 15-30.

4. There is no dispute in the SDNY Action that the Roth Defendants owed at least $500,000 to the Removing Defendants. At a hearing on September 7, 2016 before Judge Castel, the Roth Defendants made a "hard commitment" on the record to pay $250,000 with a check delivered immediately after the hearing and another $250,000 by September 28, 2016. *See* Majorie Dec. Ex. 6 (Transcript) at 3/12-15 and 5/lines 23-25.

5. The Roth Defendants also agreed on the record at the September 7 hearing to an amendment and extension of the then—and still—outstanding temporary restraining order (the "NY TRO") issued by Judge Castel. As amended, the NY TRO prohibits defendant WRP and its

---

[1] References in this Notice of Removal to "Majorie Dec." or "Majorie Dec. Ex. __" are to the Declaration of Francis B. Majorie and its attached exhibits, filed concurrently herewith. References in this Notice of Removal to "State Court Filings Ex.__" are to filings in the state court record which are contained in the "State Court Filings" document being filed concurrently with this Notice of Removal under 28 U.S.C. § 1446(a).

"officers, agents, servants, employees, and attorneys and all other persons who are in active concert and participation" with them from "interfering directly or indirectly with Plaintiffs' relocation of the Three Items or the Collateral to a segregated vault for the account of Plaintiffs" at a warehouse in Miami known as Atelier 4. *See* Majorie Dec. Ex. 3 (TRO) at 2 & Majorie Dec. Ex. 6 (Transcript) at 5/lines 12-22. The parties agreed to then look to further orders of the SDNY Court for the handling and disposition of the Three Items as the litigation progressed. *Id*.

6. At the time Roth Defendants agreed to pay the money and move the Three Items to a warehouse in Miami subject to the further order of the SDNY Court:

(a) The Roth Defendants had already violated the NY TRO by refusing to return the Three Items to the Museo Vault warehouse (where they were supposed to have been originally kept in a segregated vault for the account of the Removing Defendants);

(b) The Roth Defendants were caught holding an original work of art (known as the "LaChapelle") which they admitted they pledged as collateral and was supposed to be in the Removing Defendants' segregated unit;

(c) Two original Rolex watches and corresponding boxes admittedly pledged as collateral by the Roth Defendants and supposed to be kept safe in the Removing Defendants' segregated warehouse unit were found to be boxes filled with rocks (literally);

(d) An original diptych work by Andy Warhol (comprised of two works of mixed media and watercolor on heavy paper) and an original work by Roy Lichtenstein (comprised of graphite and colored pencil on paper) admittedly pledged as collateral by the Roth Defendants and supposed to be kept safe in the Removing Defendants' segregated warehouse unit were missing and were replaced with prints; and

(e) The Roth Defendants and their then-counsel had made a series of misrepresentations to the Removing Defendants about the whereabouts of the collateral to cover their tracks.

*See* Majorie Dec. Exs. 4-5.

3

7. Although the Roth Defendants made the first $250,000 payment they agreed to make on the record at the September 7th hearing before Judge Castel, they failed to make the second by September 28, 2016 (or any time thereafter). *See* Majorie Dec. ¶ 3.

8. In fact, on the same day as the second payment deadline, Wolfgang's wife, Kimberly Blake-Roth ("Kimberly"), commenced the Removed Action in the Florida State Court suing the Removing Defendants and fraudulently joining her husband and his company (*i.e.*, the Roth Defendants) as *"defendants."* *See* State Court Filings Ex. 3.

9. Kimberly also fraudulently sued Museo Vault (where the NY TRO directed the Roth Defendants to return the Three Items) and obtained an *ex parte* temporary restraining order from the Florida court (the "Florida TRO") prohibiting Museo Vault from "releasing or delivering the 'Three Items' to" the Removing Defendants. *See* State Court Filings Ex. 14.

10. The Florida TRO is inexplicably titled "Agreed" (it is presently unknown by whom). The relief obtained in the Florida TRO contradicts the outstanding NY TRO and was obtained by Kimberly without notice to the Removing Defendants and without even mentioning either the SDNY Action or the outstanding NY TRO in Kimberly's motion papers.

11. Moreover, Kimberly alleges in her Amended Complaint that she possesses "management authority" over WRP. *See* State Court Filings Ex. 5 (Amended Complaint) ¶ 18. Kimberly's allegation about her "co-managing member" status directly contradicts sworn testimony offered by WRP to the SDNY Court. *See* Majorie Dec. Ex. 17 (Declaration of Murdock Mackenzie) ¶¶ 2, 3, and 4-7 (attesting that "WRP is a single member LLC, with Wolfgang Roth as its *sole member*" and that Murdock Mackenzie "served as the business manager for WRP for the last four years" and his "responsibilities are to run the day-to-day business at WRP, including managing every aspect of the business")(italics added). But if her

4

allegation proves to be true, then Kimberly violated the NY TRO by filing the Removed Action and/or for seeking and obtaining the Florida TRO.

12.     Kimberly's Amended Complaint alleges in paragraphs 15-17 and elsewhere that she holds a marital interest in unidentified pieces of collateral and/or a marital or trust beneficiary interest in Wolfgang's membership interests. These allegations directly contradict the representations and warranties made by the Roth Defendants in the LSA. S*ee* Majorie Dec. Exs. 16 (default letter listing reps and warranties about collateral) & 12 (LSA).

13.     Kimberly's Amended Complaint alleges in paragraphs 43-45 that the LSA and Arranger's Agreements are somehow invalid because she never approved them. But these allegations contradict: (a) still more representations and warranties by her husband and his company in the LSA (such as, for example, sections 6.1, 6.2, and 6.3)(Majorie Dec. Ex. 12); and (b) the fact that Kimberly was not only copied on an email from Murdock introducing Peck to the Roth Defendants' then-counsel in an effort to resolve issues surrounding the $750,000 second-funding request, she wrote her *own* email to the Removal Defendants demanding that the funding be made (Majorie Dec. Exs. 14 and 15).

14.     Finally, Kimberly's Amended Complaint essentially asserts the same defenses and claims to the Removing Defendants' collection efforts as the defenses and counterclaims asserted by the Roth Defendant in their Answer and Counterclaims in the SDNY Action. *Compare* State Court Filing Ex. 5 (Amended Complaint) *with* Majorie Dec. Ex. 8 (Answer And Counterclaims). The Amended Complaint does not allege that there is any dispute between Kimberly and the Roth Defendants and directs all requests for relief against the Removing Defendants.

15.     In sum, Kimberly not only lacks standing as a matter of law to challenge the transactions between the Removing Defendants and the Roth Defendants, she filed the Removed

5

Action as an end-run around the SDNY's court's jurisdiction over the Roth Defendants and the collateral that is the subject of the dispute in the SDNY Action.

16. As alleged in more detail below, Kimberly's joinder of non-diverse "defendants" should be disregarded for what it is: a fraudulent effort to prevent removal of the case to the federal system, where it can be transferred to the SDNY and consolidated with the already-pending, first-filed case before Judge Castel.

17. Removal of the Removed Action is therefore proper and any effort to have the case remanded should be denied by the Court.

## II.

## NOTICE OF REMOVAL

18. Pursuant to 28 U.S.C. §1441(b), the Removing Defendants hereby remove the above-referenced action (the "Removed Action") from the 11th Judicial Circuit In and For Miami-Dade County, Florida (the "Florida State Court") to this Court. The grounds for asserting subject matter jurisdiction are set forth in Section III below.

19. Pursuant to 28 U.S.C. § 1446(a), an index of and copies of the electronic docket sheet and all process, pleadings, and orders served on the Removing Defendants and/or filed in the electronic record of the Removed Action in the Florida State Court are being filed as Exhibits 1 through 14 to the document entitled Copies of State Court Filings ("State Court Filings") being filed in this Court concurrently with this Notice of Removal.

20. Removing Defendants were served with a Summons and copy of the Amended Complaint filed in the Removed Action by personal delivery and mail received on October 19, 2016. Removing Defendants did not have notice of the Removed Action before that time. Removal is therefore timely under the thirty day rule set forth in 28 U.S.C. §1446(b)(1).

6

21. A Certificate of Interested Persons and Notice of Related Cases will be promptly filed following this Notice of Removal.

22. No Answer or other response to the Amended Complaint was filed by Removing Defendants prior to removal. The time for Removing Defendants to file an answer or otherwise respond to the allegations made by the Plaintiff in the Amended Complaint is therefore November 9, 2016, per FED. R.CIV. P. 81(c)(2).

23. Among other motions or requests for relief, Removing Defendants intend to file motions:

(a) To transfer the Removed Action to the U.S. District Court for the Southern District of New York (Castel, D.J.), where there is related, first-filed, pending proceeding (the "SDNY Action") between the Removing Defendants on the one hand and Roth Defendants on the other hand; and/or

(b) To stay or abate the Removed Action or consolidate it with the SDNY Action; and/or

(c) To vacate or amend the *ex parte* Florida TRO Kimberly obtained in the Removed Action; and/or

(d) To realign the parties in the Removed Action; and/or

(e) To dismiss Kimberly's claims for failure to state a claim upon which relief may be granted and grant other relief for violations of the NY TRO, FRCP 11, other laws protecting litigants from frivolous and vexatious pleadings.

Removing Defendants continue to reserve all rights.

24. Pursuant to 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, Removing Defendants shall give written notice thereof to the Plaintiff's counsel and shall file a copy of this Notice of Removal with the clerk of the Florida State Court.

## III.

## SUBJECT MATTER JURISDICTION

25. Removal is based on diversity jurisdiction under 28 U.S.C. §1332(a).

### Amount In Controversy

26. The Amended Complaint in the Removed Action involves a dispute concerning the LSA, Arranger's Agreement, draw requests, collateral, and related transactions undertaken by the Roth Defendants as "borrowers" and the Removing Defendants as "lender" or "arranger." State Court Filings Ex. 5 (Amended Complaint) ¶¶ 15-97. The gravamen of the Amended Complaint is that the Roth Defendants do not owe the more than $650,000 demanded by the Removing Defendants under the LSA and Arranger Agreement. The amount in controversy therefore exceeds $75,000, exclusive of interest and costs.

### Diversity Jurisdiction

27. The Plaintiff alleges in paragraph 1 of her Amended Complaint that she is a citizen of the State of Florida. The Amended Complaint lists three sets of named defendants: (a) the Removing Defendants; (b) the Roth Defendants; and (c) Museo Vault. As alleged in more detail below, the Removing Defendants are citizens of the States of New York and Delaware. The Roth Defendants and Defendant Museo Vault are Florida residents. Plaintiff has attempted to defeat removal by fraudulently joining the Florida citizens as defendants. In addition or in the alternative, because the Plaintiff's alignment of the parties could have jurisdictional consequences, this Court should realign the parties according to their interests in the suit. The Plaintiff and the Roth Defendants have similar interests in defeating the Removing Defendants' efforts to collect under the loan documents. When the Court ignores fraudulently joined

defendants and/or realigns the parties to their proper positions, complete diversity jurisdiction exists over the Removed Action and removal is proper.

## There Is Complete Diversity Between The Plaintiff And The Removing Defendants

28. The Plaintiff alleges in paragraph 1 of her Amended Complaint that she is a citizen of the State of Florida.

29. The Removing Defendants are citizens of the States of New York and Delaware: defendants ACG Capital Company, LLC and Modern Art Services, LLC are each limited liability companies formed under Delaware law and maintain principal places of business in New York; defendant Peck is an individual citizen of the State of New York. *See* State Court Filings Ex. 5 (Amended Complaint) ¶¶ 3, 5, & 6.

30. Complete diversity therefore exists as between Plaintiff (Florida) and the Removing Defendants (New York and Delaware).

## Defendant Museo Vault Has Been Fraudulently Joined And Does Not Defeat Diversity

31. Paragraph 12 of the Amended Complaint alleges that Museo Vault is organized under the laws of the State of Florida and has its principal place of business in Miami-Dade County, Florida. The *proper* joinder of Museo Vault as a defendant would defeat complete diversity. However, the presence of Museo Vault must be ignored for the purposes of removal jurisdiction under the doctrine of fraudulent joinder.

32. Fraudulent joinder occurs when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. There is no possibility that Plaintiff Kimberly can prove a cause of action against Museo Vault. The Amended Complaint does not allege that there is a dispute between Kimberly or Museo Vault or that Museo Vault has any liability to Kimberly. None of the five "Counts" set forth in the Amended Complaint even

9

mentions—let alone seeks any relief against—Museo Vault.[2] Indeed, Museo Vault has already moved to be dismissed from the State Court Case because no relief is being sought against it. *See* State Court Filings Ex. 10 (Motion to Dismiss).

33. Thus, the presence of Museo Vault as a "defendant" in the Removed Action must be disregarded, does not defeat diversity jurisdiction, and does not prevent removal of the Removed Action to this Court.

**The Roth Defendants Were Fraudulently Joined And/Or Should Be Realigned As Plaintiffs**

34. The Roth Defendants are Florida residents and, if *properly* joined as defendants, would defeat removal due to a lack of complete diversity between the parties.[3] However, the Roth Defendants were not properly joined as defendants and their presence as resident "defendants" should be disregarded under the fraudulent joinder doctrine.

---

[2] Museo Vault is only referred to in the Amended Complaint in the caption, in the first page of the Amended Complaint, in paragraph 12 of the Amended Complaint (simply reciting that Museo Vault is a Florida citizen), and in paragraphs 39 and 40 of the Amended Complaint (alleging that the Removing Defendants "made . . . threats to defendant Museo and its counsel, both located here in Florida, and Lloyds of London through telephone calls, emails, and letters by their lawyers in New York and Texas"). *See* State Court Filings Ex. 5 (Amended Complaint), *passim*.

[3] The caption on the Summons served on Removing Defendants states that WRP is a "Delaware limited liability company." However, the caption on the Amended Complaint recites that WRP is a "Florida limited liability company." Also, in paragraph 4 of the Amended Complaint (contained in the section entitled "Jurisdiction, Parties And Venue" ), the Amended Complaint alleges that "WRP is a limited liability company organized under the laws of the State of Florida, which at all times material hereto had its principal place of business at 1749 NE Miami Court, Suite 302, Miami, FL 33132." Paragraph 18 of the Amended Complaint also refers to filings by WRP with the Division of Corporations of the Florida Department of State. Thus, either the caption on the Summons contained a typographical error or the Summons was fraudulently pled in an effort to defeat complete diversity if there was a realignment of the parties. In any event, the Court should find that WRP is a Florida citizen.

35. There is no possibility that the Plaintiff can prove a cause of action against the Roth Defendants. Counts II through V in the Amended Complaint expressly seek relief only against the Removing Defendants ("defendants Peck, ACG, and Modern Art"). See State Court Filings Ex. 5 (Amended Complaint) at 15, 17, 19, & 20. Moreover, Count I—for declaratory judgment—does not allege that there is a dispute between the Plaintiff or the Roth Defendants about any of the matters for which the Plaintiff seeks a declaration. Nor could it, insofar as they both are attempting to reduce or eliminate the collection amounts sought by the Removing Defendants and to collect damages for alleged improper UCC filings. Thus, the Court should disregard the presence of the Roth Defendants in connection with removal based on diversity of citizenship.

36. In addition or in the alternative, the Court should realign the Roth Defendants to be plaintiffs for the purposes of analyzing subject matter jurisdiction. As a matter of law, this Court must look beyond the pleadings and arrange the parties according to their sides in the dispute, as determined by the principal purpose or the primary and controlling matter in dispute. Here, the interests of Plaintiff and the Roth Defendants are identical: they both dispute the collection claims made by the Removing Defendants and seek damages and other relief relating to the loans and collateral. In fact, the Amended Complaint does not allege that there is any controversy or dispute between the Plaintiff and the Roth Defendants concerning the subject matter of the Removed Action. The Roth Defendants should therefore be treated as plaintiffs in the Removed Action for the purposes of ascertaining diversity jurisdiction. Once realigned, there are three Florida "plaintiffs" in the case suing three New York and Delaware defendants (*i.e*, complete diversity).

**IV.**

**ALL PROPERLY JOINED AND SERVED DEFENDANTS CONSENT TO REMOVAL**

37. All defendants "who have been *properly* joined and served" in the Removed Action at the time this Notice of Removal is being filed have either joined in or consented to removal of the Removed Action within the meaning of 28 U.S.C. §1446(b)(2)(A)(italics added).

38. The docket in the Florida State Court does not reflect service of the summons or the Amended Complaint on the Roth Defendants as of the date this Notice of Removal is being filed—although the Roth Defendants have filed a motion to mediate (which remarkably certifies that a good faith attempt has been made to resolve the matter). In any event, they were fraudulently joined as defendants and/or must be realigned as plaintiffs for the reasons set forth in Section II above. Consent to removal by the Roth Defendants is therefore not required.

39. According to the docket in the Florida State Court, defendant Museo Vault has been served as of the date of the filing of this Notice of Removal. However, Museo Vault has been fraudulently joined as a defendant for the reasons set forth in Section II above.

**V.**

**CONCLUSION**

Wherefore, for the foregoing reasons, Removing Defendants have removed the Removed Action to this Court and request that the Court grant Removing Defendants any and all relief supported by the law and facts.

Dated:  November 1, 2016

                                  Respectfully submitted:

                                  ALVAREZ BARBARA, LLP

                                By: /s/ Hugo Alvarez
                                    Richard L. Barbara
                                    FBN: 0012243
                                    Hugo Alvarez
                                    FBN: 163960
                              rbarbara@alvarezbarbara.com
                              halvarez@alvarezbarbara.com
                              1750 Coral Way
                              Second Floor
                              Miami, FL
                              Tel: (305) 263-7700
                              Fax:  (305) 263-7699

                              Counsel for Defendants Ian Peck,
                              Modern Art Services, LL, and
                              ACG Capital Company, LLC

Of counsel:
(Pro hac vice motions to be filed)

The Majorie Firm Ltd.

Francis B. Majorie
fbmajorie@themajoriefirm.com
and
Thomas J. Annis
tannis@themajoriefirm.com

4901 LBJ Freeway, Fourth Floor
Dallas, Texas 75244
Tel:  (214) 522-7400
Fax: (214) 522-07911

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT, on this 1st day of November, 2016, a true and correct copy of the foregoing was served counsel of record to all other parties in the case:

1. Keith D. Silverstein Esq.  by email to keith.silverstein@gmail.com and by United States mail, first class, postage prepaid addressed to Keith D. Silverstein, P.A.,200 South Biscayne Blvd., Suite 4310, Miami FL 33131;

2. Jason B. Giller, PA by email to Jason@gillerpa.com and by United States mail, first class, postage prepaid addressed to Jason B. Giller, PA, 701 Brickell Ave., 24th Floor, Miami, FL 33131; and

3. Scott A. Frank by email to sfrank@saflaw.com and by United States mail, first class, postage prepaid addressed to Law Offices of Scott A. Frank, PA, 5301 N. Federal Highway, Suite 170, Boca Raton, FL 33487.

/s/ Hugo Alvarez
Hugo Alvarez (FBN 163960)