UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 16-cv-24570-RNS

**KIMBERLY BLAKE-ROTH**, an individual,

    Plaintiff,

vs.

**WOLFGANG ROTH,** et al.,

    Defendants.
_____/

**ACG CAPITAL COMPANY, LLC,** a Delaware limited liability company, **MODERN ART SERVICES, LLC,** a Delaware limited liability company**, and IAN PECK,** an individual,

    Counterclaimant,

vs.

**KIMBERLY BLAKE-ROTH**, an individual,

    Counter-defendant.
_____/

## PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS COUNT SIX AND COUNT SEVEN OF THE COUNTER-CLAIM

Plaintiff/Counter-Defendant KIMBERY BLAKE-ROTH (hereinafter "Plaintiff"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves to dismiss Count Six (Declaratory Judgment), and Count Seven (Violations of TRO/Contempt) of defendants ACG CAPITAL COMPANY, LLC, a Delaware limited liability company, MODERN ART SERVICES, LLC, a Delaware limited liability

company, and IAN PECK's, an individual (collectively "Defendants") Counter-Claim and in support thereof states as follows:

## I. STATEMENT OF FACTS

The court is well advised of the parties' respective factual allegations which have been extensively stated in Plaintiff's pending motion to remand [D.E. 15] and motion for leave to amend complaint [D.E. 14]. In the interest of brevity, the Court is directed to the second amended complaint [D.E. 14-1] and Defendants' answer, counterclaim and cross-claim [D.E. 10] which facts are incorporated herein.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (*quoting* Fed.R.Civ.P. 8(a)(2); and *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570).

In the context of a motion to dismiss, the Court must consider the factual allegations in the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir.1994). Nevertheless, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

### III.     ARGUMENTS

#### A.     *The Claim for Declaratory Judgment is Redundant with the Complaint*

In claims arising under the Declaratory Judgment Act, "a court maintains broad discretion over whether or not to exercise jurisdiction over claims." *Knights Armament Co. v. Optical Sys. Tech.*, 568 F.Supp.2d 1369, 1374 (M.D.Fla.2008) (*citing MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764 (2007)). This discretion extends to cases where the declaratory judgment claim is redundant because "a direct action involving the same parties and the same issues has already been filed." *Knights*, 568 F.Supp.2d at 1374–75. "When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether a declaratory judgment serves a useful purpose." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F.Supp.2d 1214, 1216 (S.D.Fla.2011) (internal citations omitted). In determining the usefulness of a claim, courts may consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id*. at 1217 (*quoting Gratke v. Andersen Windows, Inc.*, No. 10–CV–963, 2010 U.S. Dist. LEXIS 137047, at *8 (D.Minn. Dec. 8, 2010)).

In this case, Plaintiff has asserted numerous counts against defendants, both individually and collectively. **Count I** of the Second Amended Complaint [D.E. 14-1] alleges that defendants Wolfgang Roth and Fine Art violated Plaintiff's marital, contractual and beneficial rights in marital

Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd., Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

property by entering into the Loan Agreement and the Arranger Agreement. In **Count II**, Plaintiff seeks a declaratory judgment that defendant Roth lacked legal capacity and authority to enter into the Loan Agreement and the Arranger Agreement. In **Count III**, Plaintiff seeks a declaratory judgment that the Loan Agreement and Arranger Agreement are unenforceable as a matter of law because they are criminally usurious. In **Count IV**, Plaintiff alleges criminal fraud against defendants ACG Capital Company, LLC, Modern Art Services, LLC and Ian Peck. In **Count V**, Plaintiff alleges Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") against defendants ACG Capital Company, LLC, Modern Art Services, LLC and Ian Peck. In **Count VI**, Plaintiff alleges civil conspiracy against defendants ACG Capital Company, LLC, Modern Art Services, LLC and Ian Peck. In **Count VII**, Plaintiff seeks a judgment for damages against defendant Museo Vault for failing to fulfill its obligations to protect the Collateral and the Three Items.

At the heart of Plaintiff's claims are the Loan and Arranger Agreements, and events relating thereto. Many of those counts, directly or indirectly hinge upon Plaintiff's ability to assert rights relating to the Loan Agreement and Arranger Agreement. The Counterclaim is essentially a mirror image of Plaintiff's second amended complaint, dealing with the same legal and factual issues. *See Gratke*, 2010 U.S. Dist. LEXIS 137047, at *8. In fact, Defendants themselves rely upon Plaintiff's claims against Defendants "which seek to invalidate the LSA, Note and Arranger Agreement, as well as obtain damages and other relief from Lenders relating thereto or arising thereunder" in framing the "actual controversy" predicate for declaratory judgment. [D.E. 10 at ¶10].

Not to be overlooked, Defendants have asserted thirty two (32) affirmative defenses, arguing *inter alia,* that Plaintiff's claims are barred or her recovery should be reduced as follows:

- based on Plaintiff's prior breach of the agreements; [D.E. 10 ¶ 103]
- doctrine of unclean hands; [D.E. 10 ¶ 104]

- doctrine of estoppel; [D.E. 10 ¶ 105]

- (a) failure to state a claim upon which relief can be granted; (b) failure to plead fraud with particularity under FRCP 9(b); and/or (c) failure to meet the pleading requirements of Twombly and its progeny; [D.E. 10 ¶ 106]

- doctrine of waiver; [D.E. 10 ¶ 107]

- failure of a condition precedent; [D.E. 10 ¶ 108]

- doctrine of ratification; [D.E. 10 ¶ 109]

- doctrine of laches; [D.E. 10 ¶ 110]

- assumption of the risks and dangers; [D.E. 10 ¶ 111]

- failure to specially plead special damages under FRCP 9(g); [D.E. 10 ¶ 112]

- sums due and owing by Kimberly and/or Borrowers to Lenders; [D.E. 10 ¶ 113]

- Plaintiff's damages were proximately and actually caused by and/or contributed in whole or in part by the negligence and carelessness of Plaintiff; [D.E. 10 ¶ 114]

- Plaintiff failed and/or refused to mitigate their alleged damages and losses; [D.E. 10 ¶ 115]

- breaches by Plaintiff of the SDNY Court's TRO; [D.E. 10 ¶ 116]

- Plaintiff's breach of the agreement stated on the record at the September 7, 2016 hearing in the SDNY Case, including without limitation: (a) their failure to pay the second $250,000; and/or (b) their failure to cooperate and/or actual interference in the relocation of the Three Items to Atelier 4 in Miami, Florida; [D.E. 10 ¶ 117]

- Plaintiff's fraudulent misrepresentations concerning and/or conversion of the collateral; [D.E. 10 ¶ 118]

- lack of a private right of action under the statutes under which she seeks relief; [D.E. 10 ¶ 119]

- waiver of punitive, exemplary, consequential, and/or indirect damages in section 9.10(c) of the LSA and/or section 19 of the Arranger Agreement; [D.E. 10 ¶ 120]

- Plaintiff improperly rely on Florida substantive law (in light of the parties" choice of law in the contracts); [D.E. 121]

- doctrine of release; [D.E. 10 ¶ 122]

- due process, equal protection, cruel and unusual punishment, and double jeopardy, clauses of the United States Constitution and its amendments and similar state constitutional protections; [D.E. 10 ¶ 123]

- application of section 2.2 of the LSA with respect to calculation of interest; [D.E. 10 ¶ 124]

- good faith mistake of Lenders; [D.E. 10 ¶ 125]

- Plaintiff's lack of standing; [D.E. 10 ¶ 126]

- Plaintiff's lack of capacity to sue for claims belonging to either Wolfgang and/or WRP; [D.E. 10 ¶ 127]

- failure of consideration; [D.E. 10 ¶ 128]

- fraud or illegality; [D.E. 10 ¶ 129]

- Peck is not subject to personal jurisdiction in Florida with respect to the matters which are the subject of Kimberly' claims; [D.E. 10 ¶ 130]

- Peck is not subject to personal jurisdiction in Florida; [D.E. 10 ¶ 131]

- Peck is not subject to personal jurisdiction in Florida; [D.E. 10 ¶ 132]

- case must be transferred to the SDNY under the first-to-file rule, 28 U.S.C. §1404(a), section 9.3 of the LSA, and section 17 of the Arranger Agreement; [D.E. ¶ 133]

- Wolfgang and WRP should be realigned by the Court as putative "plaintiffs" and not defendants. [D.E. 10 ¶ 134]

Clearly, every conceivable (and not so conceivable) affirmative defense has been asserted as a defense to Plaintiff's complaint and will be litigated in defense of Plaintiff's direct action.

In addition, the Federal Anti-Injunction Act, subject to some exceptions not applicable here, prohibits a court from entering injunctive relief that would interfere, directly or indirectly, with a pending state court action. 28 U.S.C. § 2283; *see County of Imperial v. Munoz,* 449 U.S. 54, 58-59 (1980). The Anti-Injunction Act is wholly applicable where a plaintiff seeks declaratory relief that would have the practical effect of imposing an injunction upon state proceedings. *See New Orleans Public Service, Inc. v. Majoue,* 802 F.3d 166, 168 (5th Cir. 1986)(citing *H.J. Heinz Co. Owens,* 189 F. 2d 505, 508 (9th Cir. 1951). It is also equally applicable where a party seeks to undermine the jurisdiction of a state court through federal court proceedings. *See Amalgamated Clothing Workers v. Richman Bros. Co.,* 348 U.S. 511, 515 (1955)(Anti-Injunction Action applies "whenever the moving party in the District Court alleges that the state court is 'wholly without jurisdiction over the subject matter, having invaded a field preempted by congress'").

The relief sought by Defendants in their counterclaim against Plaintiff run directly afoul of these well settled principles of Federalism and should be seen as such. Any adjudication

6

concerning Plaintiff's standing is a "determination…concern[ing] a court's exercise of jurisdiction to hear and decide the cause pled by a particular party." *Rogers and Ford Constr. Co. v. Carlandia Corp.,* 626 So. 2d 1350, 1352 (Fla. 1993); *see also Streicher v. United States Bank Nat'l Ass'n,* 2016 WL 1028359, at *7 (S.D. Fla. Mar. 14, 2016)("the Florida Supreme Court has said that 'the doctrine of standing certainly exists in Florida,' and that it 'concerns a court's exercise of jurisdiction'")(citations omitted).  In turn, the issue of whether Plaintiff has standing to enforce *her marital rights*, is best, and must be left, to the Florida state court.

As a result, there is no need for the Court to undertake Defendants' relief for declaratory judgment, and the Court in its discretion should dismiss Count Six of the Counterclaim. *See Knights*, 568 F.Supp.2d at 1375.

### B. Count Seven of the Counterclaim does not Support a Cognizable Claim

Defendants' claim against Plaintiff for "violation of TRO/contempt" is for an alleged violation of the NY Court's TRO for "interfering with directly or indirectly with [Defendants'] relocation of the Three Items or the Collateral to a segregated vault for the account of [Defendants] at Atelier 4 Miami." [D.E. 10 ¶255.] The claim is futile in the first instance because "there is no such thing as an independent cause of action for civil contempt." *Blalock v. United States*, 844 F.2d 1546, 1550 (11th Cir. 1988), *citing McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499 (1949). Moreover, before Plaintiff could even have been subject to the NY Court's TRO in her individual capacity – assuming it had not already expired – she was required to have been an "adverse party" in the action and be subject to the NY Court's personal jurisdiction. Fed. R. Civ. P. 65(b). Plaintiff is not an adverse *party in her individual capacity* and the NY Court lacks personal jurisdiction over her in that capacity.

In any event, the counterclaim fails to allege facts establishing that Plaintiff did anything to interfere with the relocation of the Three Items or the Collateral that would be violative of the

TRO. Indeed, the only allegation that hints of a violation of the TRO is Plaintiff having commenced this action and having obtained the temporary injunction in Florida state court with regard to the Three Items currently stored at the Museo Vault. [D.E. 30-4 ¶24.] Nothing in the NY Court's TRO enjoined Plaintiff in any capacity, let alone her individual and personal capacity from asserting her individual and personal rights. To the contrary, Florida courts, and District Courts applying Florida law have "vigorously protected its citizens' access to courts." *Kentish v. Madahcom, Inc.,* 566 S. Supp.2d 1343, 1348 (M.D. Fla. 2008).  Article I, Section 21 of the Florida Constitution, entitled "Access to Courts" provides that "[t]he courts *shall be open to every person for redress of any injury,* and justice shall be administered without…denial…." In furtherance of those principles, Florida courts recognize a "litigation privilege" which afford absolute immunity for acts occurring during the course of judicial proceedings. *See Jackson v. Bellsouth Telecommunications,* 372 F.3d 1250, 1274-5 (11th Cir. 2004). While the concept was initially designed to protect litigants and attorneys from defamation actions, it has been expanded to cover *all acts* related to an occurring within judicial proceedings. As held by the Florida Supreme Court in *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,* 639 So.2d 606 (Fla. 1994):

> [a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

*Id.* at 607-08.

In addition, it is well recognized that "[t]he right to petition….[i]s one of 'the most precious of the liberties safeguarded by the Bill of Rights'". *Kentish v. Madahcom, Inc.,* 566 F. Supp. 2d 1343, 1349 (M.D. Fla. 2008)(quoting *BE & K Constr. Co. v. NLRV,* 536 U.S. 516, 524-525 (2002).

8
Keith D. Silverstein, P.A. ● 200 South Biscayne Blvd., Suite 4310 ● Miami, FL 33131
(T) (305) 868-0200 ● (F) (305) 868-1045

In that respect, precluding Plaintiff from asserting her rights in the only *proper venue* through threat of contempt is offensive to paramount constitutional rights.  To breathe credence into such an assertion would belie the rights afforded by the U.S. and Florida bill of rights and eviscerate Plaintiff's reasonable access to the courts.  Plaintiff is not a party to the New York action, is not a resident of the State of New York and is not subject to jurisdiction in the State of New York.  Plaintiff is a Florida resident, seeking to assert marital rights under Florida law.  The fact that defendants have reservation about answering for their conduct in the jurisdiction in which they caused injury it is surely no impediment to Plaintiff asserting her claims and more decisively, not grounds to support a wanton claim of contempt.

### IV.  CONCLUSION

Based on the foregoing, Plaintiff requests that Defendants' counterclaim for declaratory judgment (Count Six) and violation of TRO/contempt (Count Seven) be dismissed with prejudice, together with any further relief this Court deems necessary and just.

Dated: December 13, 2016

Respectfully submitted,

**KEITH D. SILVERSTEIN, P. A.**
200 South Biscayne Blvd., Suite 4310
Miami, Florida 33131
Telephone: (305) 868-0200
Facsimile: (305) 868-1045
keith.silverstein@gmail.com

By:   /s/ Keith D. Silverstein
       Keith D. Silverstein, Esq.
       Florida Bar No. 086820
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic mail notification system, via U.S. First Class Mail, postage prepaid, on this 13th day of December, 2016, upon all parties as set forth on the attached service list and in the manner set forth thereunder.

                                     /s/ Keith D. Silverstein
                                  Keith D. Silverstein, Esq.
                                  Florida Bar No. 086820

## CM/ECF SERVICE LIST

Jason B. Giller, Esq.
Jason B. Giller, P.A.
701 Brickell Ave., 24th Floor
Miami, FL 33131
e-mail: Jason@gillerpa.com

Scott A. Frank
Law Offices of Scott A. Frank, PA,
5301 N. Federal Highway, Suite 170
Boca Raton, FL 33487
e-mail: sfrank@saflaw.com

Richard L. Barbara, Esq.
Barbara Alvarez, LLP
1750 Coral Way, 2nd Floor
Miami, FL  33145
e-mail: rbarbara@alvarezbarbara.com

Francis B. Majorie, Esq.
Thomas J. Annis, Esq.
The Majorie Firm Ltd.
4901 LBJ Freeway, 4th Floor
Dallas, Texas 75244
e-mail: fbmajorie@themajoriefirm.com
e-mail: tannis@themajoriefirm.com